UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80062-RAR

**UNITED STATES OF AMERICA**

vs.

**GOUSMAN LEMY,**

    Defendant.
_____/

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** comes before the Court on Defendant Gousman Lemy's Motion for Compassionate Release or Sentence Reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A), filed on October 21, 2022. [ECF No. 159] ("Motion"). On December 23, 2022, the United States filed a Response in Opposition. [ECF No. 164] ("Response"). Having considered the parties' submissions, the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

On May 18, 2021, Defendant was charged by information with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [ECF No. 1]. Defendant and his co-conspirators knowingly engaged in monetary transactions involving funds criminally derived from a business email compromise scheme and a PPP/EIDL loan fraud scheme. Defendant and his co-conspirators funneled the money obtained from these schemes through business bank accounts registered to companies and shell companies controlled by Defendant and his co-conspirators to conceal and disguise the nature, location, source, ownership, or control of the proceeds. *Id.* On September 1, 2021, Defendant pleaded guilty to Count 1 of the information and executed a factual

proffer. [ECF Nos. 96, 97]. He was sentenced to 51 months' imprisonment, 3 years of supervised release, and ordered to pay $1,823, 267.09 in restitution. [ECF No. 133].

In his Motion, Defendant cites two "extraordinary and compelling" reasons for compassionate release: (1) his medical conditions of type II diabetes and hypertension, and the possible impact of COVID-19 were he to contract the virus; and (2) his "family circumstances" in that his mother, who is his son's primary caregiver, is suffering from various health conditions which are making it difficult for her to take care of his son. Mot. at 2-7. Defendant also references his good conduct during the time that he has been incarcerated and his rehabilitation. *Id.* at 8. He requests that based upon these extraordinary and compelling circumstances, the Court reduce his sentence to a term of supervised release. *Id.* at 9.

## LEGAL STANDARD

A district court may modify a term of imprisonment "upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Section 604 of the 2018 First Step Act expanded "who [could] file a §3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1259 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.*

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. policy statement and are applicable to all § 3582(c)(1)(A) motions,

whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

The Application Notes to § 1B1.13(1)(A) define extraordinary and compelling reasons warranting the reduction of a defendant's sentence: 1(A) Medical Condition of the defendant; 1(B) Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has made clear that the open-ended "Other Reasons" category in Application Note 1(D) is only available to the BOP in motions they file and cannot function as a catchall category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65.

## ANALYSIS

Defendant alleges two primary "extraordinary and compelling reasons" for compassionate release: (1) his medical conditions of type II diabetes and hypertension and the possible impact of COVID-19 were he to contract the virus; and (2) his "family circumstances" in that his mother, who is his son's primary caregiver, is suffering from various health conditions which are making it difficult for her to take care of his son.[1] Defendant also references his good conduct while incarcerated. The Court will address each in turn.

---

[1] The Government "does not dispute that Defendant has exhausted his administrative remedies" with the BOP. Resp. at 9 (noting that Defendant "filed a request for compassionate release on July 7, 2022" and BOP records from FCI Butner-Medium II indicate the Warden never responded). *See* 18 U.S.C. § 3582(c)(1)(A)(i) (explaining the court can consider a motion for compassionate release after "the lapse of 30 days from the receipt of . . . a [compassionate relief] request by the warden of defendant's facility[.]").

### 1. *Defendant's Health Conditions*

To qualify as "extraordinary and compelling," an inmate's medical condition must be, in relevant part, "serious and advanced . . . with an end of life trajectory" or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1. "A compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (internal quotation and alteration omitted). "In seeking a reduced sentence under this framework, the defendant bears the burden of establishing that compassionate release is warranted." *Id.* (internal quotation omitted).

Here, Defendant has advanced no medical records nor evidence demonstrating that he has a terminal illness or urgent medical condition warranting compassionate release under section 3582(c)(1)(A)(i). As an initial matter, Defendant submitted his medical records from the BOP for the period of time from February 7, 2022, to March 23, 2022, in support of his request. *See* Mot. at Ex. B. The Government supplemented this filing with Defendant's BOP records from the date he commenced serving his sentence in February 2022 through October 2022. *See* [ECF No. 163-2] ("Medical Records"). A careful review of these records indicates that Defendant has never been diagnosed with type II diabetes, and his current A1c levels appear to be stable after being instructed to adhere to a proper diet and exercise. *See* Ex. B, Medical Records. At most, it appears Defendant suffers from hypertension, which is being treated and monitored by BOP staff medical staff as reflected by changes in the dosage of his prescribed medication. *Id.* As such, Defendant's stable and controlled medical condition does not qualify as an "extraordinary and compelling" reason for compassionate release. *See, e.g., United States v. Thomas*, No. 9:10-cr-423-T-33AAS, 2020 WL

5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to [Defendant's] numerous underlying health conditions, including diabetes, high-blood pressure, and cardiovascular problems, . . . he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility."); *United States v. Saxon*, No. CR 112-119, 2020 WL 2617131, at *2 (S.D. Ga. May 22, 2020) (denying compassionate release to defendant who suffered from congestive heart failure, high blood pressure, and bronchitis because defendant presented no medical evidence showing he met the criteria in U.S.S.G. § 1B1.13); *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1282 (finding that defendant with heart problems and skin and colon cancer, among other conditions, had not established extraordinary and compelling reasons warranting compassionate release).

As for Defendant's health concerns related to COVID-19—for which he has received the Pfizer vaccine—they do not warrant compassionate release under § 3582(c)(1)(A) as defined by § 1B1.13. Defendant has not made a showing that he is "suffering from a terminal illness," or "suffering from a serious physical or medical condition." § 1B1.13 Appl. Notes (1)(A)(i)–(ii). And Defendant is not entitled to a modification of his sentence based solely on generalized COVID-19 fears and speculation regarding "breakthrough infections of COVID-19 among people who are vaccinated." Mot. at 5; *see United States v. Benitez*, No. 8:01-cr-283, 2021 WL 424346, at *4 (M.D. Fla. Feb. 8, 2021) ("This Circuit and others have held that general concerns about possible exposure to COVID-19 do not alone meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, cmt. n. 1.") (collecting cases). Ultimately, Defendant's hypertension appears to be a well-managed condition that does not constitute grounds for compassionate release due to the COVID-19 pandemic. *See United States v. Keys*, No. 20-CR-12318, 2021 WL 3012657, at *2-3 (11th Cir. July 16, 2021) (holding district court did not abuse

its discretion when finding that medical conditions including asthma, poor circulation, and blood clots—which may have the potential for an increased risk of complications due to COVID-19—were not sufficiently severe to constitute an "extraordinary and compelling reason" within the meaning of § 1B1.13).

### 2. *Defendant's Family Circumstances*

Application Note 1(C) of § 1B1.13 defines the family circumstances necessary for a court to entertain a motion for compassionate release. Those circumstances include, "(i) the death or incapacitation of the caregiver of the defendant's minor child or minor children, or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Here, although section (i) applies in that Defendant's son is a minor, the circumstances surrounding his son's caregiver do not rise to the level of incapacitation mandated by section (ii). Namely, Defendant makes no showing that the primary caregiver of his son—his mother—is either dead or incapacitated. *See* Mot. at Ex. D (medical notes confirming Defendant's mother has been receiving medical care for her glaucoma, diabetes, and hypertension, as well as treatment for poor vision in her left eye). Although she "suffers severely from diabetes, hypertension, impaired vision, and other minor health problems," Mot. at 3, the Court is not at liberty to deviate from the text of the policy statement and rewrite the Application Note to accommodate Defendant. *See Bryant*, 996 F.3d at 1262 ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

Given that Defendant's mother is still able to care for his son and is not incapacitated, there is no basis for compassionate relief for family circumstances. Moreover, although other members of Defendant's immediate family are purportedly unable to assume full custody of his son, *see*

Mot. at Ex. E, it appears they may be able to assist his mother, at least in part, with caregiving responsibilities. Mot. at 3 (noting the "two other family members that could possibly assume physical custody [of Defendant's son] are [Defendant'] brother and oldest daughter[.]"). *See United States v. Baez-Paulino*, No. 8:19-cr-543-CEH-SPF, 2021 WL 5121862, at *4 (M.D. Fla. Nov. 4, 2021) ("[T]he motion is due to be denied, as . . . one of the Defendant's relatives may be available caregivers for Defendant's minor son.").

In sum, § 1B1.13 does not permit the Court to find that Defendant's family circumstances clear the "extraordinary and compelling" threshold set by § 3582(c)(1)(A).

### 3. Defendant's Rehabilitation

Defendant's final argument for compassionate release centers around his demonstrated record of rehabilitation in prison to date—specifically, the fact he has "no infractions" and has "maintained good conduct." Mot. at 8. The Court lauds Defendant's commitment to rehabilitation as noted in his inmate history, which lists numerous programs he has completed during his incarceration at FCI Butner-Medium II. *See* Mot. at Ex. F. But rehabilitation is not covered in Application Notes 1(A)-(C), and the Eleventh Circuit has held that 1(D)'s "Other Reasons" category is reserved for BOP-filed motions only. *See Bryant,* 996 F.3d at 1263. The defendant in *Bryant*, like Defendant here, also advanced an argument that his "good record of rehabilitation in prison" should qualify him for compassionate release under 1(D)—an argument the Eleventh Circuit squarely rejected. *Id.* at 1251, 1263–65. As such, the Court must similarly reject Defendant's position here.

### 4. The Court Need Not Analyze the § 3553(a) Factors Here

As Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C § 3553(a)

factors. Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Gousman Lemy's Motion for Compassionate Release or Sentence Reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 159], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**